IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CHARLES METCALF; et al.                                                                     PLAINTIFFS

vs.                                                                              No. 2:04CV276-D-A

GE LIFE & ANNUITY ASSURANCE
COMPANY f/k/a THE LIFE INSURANCE
COMPANY OF VIRGINIA; et al.                                                                DEFENDANTS

OPINION DENYING MOTION TO REMAND

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Coahoma County, Mississippi. Upon due consideration, the court finds that the motion should be denied because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

*A.  Factual Background*

The Plaintiffs separately purchased life insurance policies from the Defendant GE Life & Annuity Assurance Company (GELAAC) through GELAAC sales agents. On August 10, 2004, the Plaintiffs filed suit in the Circuit Court of Coahoma County, Mississippi, alleging that the Defendants' conduct in connection with the sale and performance of the Plaintiffs' insurance policies renders the Defendants liable under various causes of action including fraud and negligence. Specifically, the Plaintiffs claim that the Defendants falsely represented that the Plaintiffs' premiums would remain constant and would not be subject to any increases. The Defendants removed the action to this court on September 24, 2004. The Plaintiffs subsequently motioned the court to remand this matter to state court.

*B.  Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). In the case *sub judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiffs, however, assert that the court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

Three of the Defendants (Charles Rosatti, Jr., Larry O'Conner and James Lang - the "individual Defendants"), are indisputably citizens of the State of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiffs fraudulently joined all three of the individual Defendants in order to defeat diversity. Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). But, if the court finds that any of the individual Defendants have not been fraudulently joined, then federal diversity jurisdiction is lacking and the court must remand this matter to state court. See Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (federal diversity jurisdiction exists only if no plaintiff is citizen of same state as any defendant); Wright v. Combined Ins. Co. of America, 959 F. Supp. 356, 361 (N.D. Miss. 1997).

The party alleging fraudulent joinder bears the burden of persuasion, and that burden is quite stringent. See Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a

non-diverse party has been fraudulently joined by a plaintiff hoping to defeat federal diversity jurisdiction, the removing party must demonstrate either actual fraud in the pleading of jurisdictional facts, or the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

The Defendants here do not allege outright fraud, so the court must determine whether "there is any reasonable basis for predicting that [the Plaintiffs] might be able to establish [the non-diverse individual Defendants'] liability on the pleaded claims in state court." Travis, 326 F.3d at 647. In making this determination, the court evaluates all of the factual allegations in the Plaintiffs' pleadings in the light most favorable to the Plaintiffs, and the court examines relevant state law and resolves all uncertainties in favor of the Plaintiffs. Hart, 199 F.3d at 246.

Likewise, in evaluating a claim of fraudulent joinder, the court does not focus on whether the Plaintiffs will prevail on the merits of their claims. Instead, the court simply determines whether there is a reasonable possibility that the Plaintiffs will be able to state a claim against the allegedly fraudulently joined Defendants. Rodriguez, 120 F.3d at 591; see also B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. Unit A 1981) (holding that, to successfully move for remand, plaintiff's burden is "much lighter" than that required to survive motion for summary judgment; instead, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for case to be remanded). Further, it is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

As set forth below, the court finds that the Defendants have established that there is no

possibility that the Plaintiffs will be able to state a claim against the individual Defendants in state court. Accordingly, federal jurisdiction is present, and the Plaintiffs' motion to remand shall be denied.

*C. Discussion*

1. General Principles

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings. Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). In the case at bar, the Plaintiffs allege that the individual Defendants committed fraud in connection with the Plaintiffs' purchase of life insurance policies from GELAAC. See Complaint at para. 37-43, 46-49, 51-53, 57-63, 75, 79.

Under Mississippi law, an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment, and a tort claim can be maintained against that agent. Hart, 199 F.3d at 247. The agent is subject to personal liability when he "directly participates in or authorizes the commission of a tort." Hart, 199 F.3d at 247 (quoting Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc., 492 So. 2d 977, 978 (Miss. 1986)); see American Fire Prot., Inc. v. Lewis, 653 So. 2d 1387, 1391 (Miss. 1995) ("[A]n individual may be held jointly liable with a corporation for a tort he commits as an agent of the corporation."). Here, the Plaintiffs have alleged that the individual Defendants, as GELAAC agents, directly participated in the commission of at least one tort, fraud, while within the scope of their employment.

In reviewing the pleadings to determine whether there is a possibility that a state court would find a cause of action stated on the facts alleged by a plaintiff, it is axiomatic that where a plaintiff's complaint is devoid of sufficiently specific factual allegations suggesting a basis for recovery against

a particular defendant, there can be no ground for concluding that a claim has been stated against that defendant. See, e.g., Henley v. Pioneer Credit Co., No. 1:01CV349-D-D, 2002 WL 1013110, at *3 (N.D. Miss. April 10, 2002); Addison v. Allstate Ins. Co., 58 F. Supp. 2d 729, 732 (S.D. Miss. 1999). Failure to specify a sufficient factual basis for recovery against a nondiverse party, therefore, constitutes a fraudulent joinder of that party in many cases. Addison, 58 F. Supp. 2d at 732. In multi-defendant cases where there are both in-state and diverse defendants, however, if the failure to specify a sufficient factual basis for recovery is equally dispositive of all defendants, rather than to the in-state defendants alone, fraudulent joinder has not been established and the case should be remanded unless other grounds for federal jurisdiction exist. Smallwood, 385 F.3d at 575.

## 2. The Plaintiffs' Allegations

Here, as noted above, the Plaintiffs allege that the individual Defendants committed fraud in connection with the Plaintiffs' purchase of life insurance policies from GELAAC. In order to recover on a theory of fraud under Mississippi law, a plaintiff must prove the following nine elements, which must be pled "with particularity" under Rule 9(b) of the Federal Rules of Civil Procedure: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. Bank of Shaw v. Posey, 573 So. 2d 1355, 1362 (Miss. 1990).

In the case *sub judice*, the court finds that the Plaintiffs' allegations concerning the individual Defendants' conduct do not contain adequate specific factual allegations sufficient to establish fraud on the individual Defendants' part under the standard set forth above and have not been pled with


sufficient particularity under Rule 9(b). Instead, in the sections of the complaint concerning the individual Defendants' potential liability, the Plaintiffs merely use boilerplate language that is identical in many instances, with only the names and dates changed. See Complaint at para. 37-43, 46-49, 51-53, 57-63, 75, 79. Allegations of this sort are plainly deficient. See, e.g., Addison, 58 F. Supp. 2d at 732-33. Thus, the court holds that the Plaintiffs have failed to sufficiently set forth specific allegations demonstrating that the individual Defendants committed fraud, and they have failed to plead fraud with sufficient particularity insofar as the complaint relates to the individual Defendants.

While Smallwood holds that common defenses may not form a basis for fraudulent joinder, this case does not implicate Smallwood because the Plaintiffs make differing allegations against GELAAC and against the individual Defendants, although some of the allegations are identical and attempt to collectively implicate the Defendants as a group. Thus, the Defendants' showing that the Plaintiffs' allegations are insufficient to provide a reasonable basis for predicting recovery against the individual Defendants is not equally dispositive of all Defendants because the Plaintiffs make different allegations against GELAAC itself. The court offers no opinion on the strength of the Plaintiffs' allegations against GELAAC at the present juncture.

Accordingly, without a factual basis for concluding that the individual Defendants engaged in tortious conduct, the court finds that the Plaintiffs have no possibility of establishing a cause of action against the individual Defendants in state court, and that they therefore has been fraudulently joined to defeat diversity. See, e.g., Addison, 58 F. Supp. 2d at 733 (denying motion to remand where, "other than a bare allegation, plaintiffs have factually alleged nothing" that would satisfy required elements of claim against resident defendants); Christmon v. Allstate Ins. Co., 57 F. Supp.

2d 380, 382 (S.D. Miss. 1999).

    3.  Dismissal of the Plaintiffs' Claims Against the Mississippi Individual Defendants

Having determined that the individual Defendants were fraudulently joined, the court has little trouble also concluding that the claims against them should be dismissed. The standards to be applied for a fraudulent joinder claim and for dismissal for failure to state a claim are virtually identical. Addison, 58 F. Supp. 2d at 733-34; Christmon, 57 F. Supp. 2d at 382. Dismissal should be granted if the court finds that the Plaintiffs can prove no set of facts in support of their claims that would entitle them to the relief they seek. Rubinstein v. Collins, 20 F.3d 160, 166 (5th Cir. 1994). Stated another way, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. See Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In addition, as is the case with a fraudulent joinder claim, to avoid dismissal for failure to state a claim, a plaintiff "must plead specific facts, not mere conclusory allegations." Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). The court will not accept as true any conclusory allegations or unwarranted deductions of fact. See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

As already discussed, the Plaintiffs have insufficiently alleged that the individual Defendants engaged in tortious conduct, and the Plaintiffs have failed to adequately plead any facts sufficient to potentially state a claim against the individual Defendants. The court finds, therefore, that the claims against the individual Defendants should be dismissed.

*D.  Conclusion*

In sum, because the individual Defendants Charles Rosatti, Jr., Larry O'Conner and James Lang were fraudulently joined to defeat diversity, and because the amount in controversy requirement has been satisfied, the court finds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists.  The matter in controversy exceeds the sum of $75,000, and is between citizens of different states.  As such, this court possesses subject matter jurisdiction to adjudicate this cause and the Plaintiffs' motion to remand shall be denied.  In addition, the Plaintiffs' claims against Rosatti, O'Conner and Lang shall be dismissed without prejudice.

A separate order in accordance with this opinion shall issue this day.

This the 18th day of July 2005.

/s/ Glen H. Davidson
Chief Judge